UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AARON JABOT,

                        Plaintiff,

      v.                                              9:13-CV-1407
                                                              (DNH/TWD)

CORRECTION OFFICER MINOR,

                        Defendant.

---

APPEARANCES:

AARON JABOT
07-A-7031
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

This civil rights action pursuant to 42 U.S.C. § 1983 was commenced by pro se plaintiff Aaron Jabot in November, 2013. Plaintiff, who was then confined at the Washington County Jail, requested leave to proceed in forma pauperis. Dkt. No. 2.[1]

In a Decision and Order filed November 26, 2013, the sufficiency of the complaint was reviewed. Dkt. No. 4 ("November Order"). On the basis of that review, it was found that the complaint as drafted failed to state a claim upon which relief may be granted pursuant to 42

---

[1] By letter dated December 13, 2013, plaintiff advised the Clerk that he had been transferred to Green Haven Correctional Facility. Dkt. No. 6.

U.S.C. § 1983 and was, therefore, subject to dismissal in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *Id*. at 4-7. In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint if he wished to avoid dismissal of this action. *Id.* at 7-8.[2]

Plaintiff's amended complaint is now before pending for review. *See* Dkt. No. 5 ("Am. Compl.").

## II. DISCUSSION

As alleged in the original complaint, defendant Correction Officer Minor served as the hearing officer at a "behavior report hearing" held November 6, 2013 at the Washington County Jail. Dkt. No. 1 ("Compl.") at 4. Plaintiff alleged that he was not allowed to call witnesses at the hearing, he was denied access to the statements made against him by corrections staff, and Correction Officer Minor failed to make a proper and complete record of the proceedings. *Id*. Based upon the foregoing, plaintiff claimed that he was "denied a fair misbehavior report hearing" and was "being held in SHU illegally." *Id*. at 5.

Upon review, it was found that because plaintiff did not include in the complaint any factual allegations regarding the length of the disciplinary confinement imposed as a sanction, nor did he allege any facts regarding the conditions of that confinement, the complaint failed to state a plausible claim for the denial of plaintiff's due process rights. November Order at 6-7.[3]

---

[2] Plaintiff was also granted leave to proceed in forma pauperis. November Order at 8.

[3] As discussed in the November Order, a plaintiff alleging a denial of due process at a disciplinary hearing must show that he or she both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *See* November Order at 5. Prison discipline implicates a liberty interest when it imposes an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life. *Id*. at 5-6. When assessing the severity of the hardship imposed, a court should take into

2

In his amended complaint, plaintiff restates his claim that he was denied due process at the November 2013 hearing, and alleges that the conditions of his disciplinary confinement were "atypical" and "significant," due at least in part to his mental illness. *See* Am. Compl. at 2-13. Plaintiff also submitted as a supporting exhibit to the amended complaint, a copy of the Inmate Disciplinary Hearing Record with respect to the November 6, 2013 hearing. *Id.* at 17. While not entirely clear, the Hearing Record indicates that plaintiff was sentenced to a term of disciplinary confinement of at least 170 days. *Id*. at 17.[4]

Upon review, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), it is found that the allegations of the amended complaint are sufficient to cure the pleading deficiencies identified in the November Order and to give defendant Minor fair notice of plaintiff's claims against him. This is not a ruling on the merits and no conclusions are drawn about the truth of plaintiff's allegations or about the strength of evidence he might offer to corroborate them.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. The amended complaint (Dkt. No. 5) is accepted for filing and shall be the operative pleading in this action;

2. Upon receipt of the documents required for service, the Clerk of the Court shall issue a summons and forward it, along with a copy of the amended complaint, to the United

---

account both the duration and the conditions of the confinement, where appropriate. *Id*.

[4] The Court is not able to discern whether the sentence imposed for violation #1 was for 60 or 90 days. *See* Am. Compl. at 17. There is no indication that the four sentences were to be served concurrently.

States Marshal for service upon defendant Minor. The Clerk of the Court shall forward a copy of the summons and amended complaint to the Office of the Washington County Attorney, together with a copy of this Decision and Order;

    3. A formal response to plaintiff's amended complaint shall be filed by defendant or his counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process;

    4. All pleadings, motions and other documents relating to this action shall bear the case number assigned to this action and shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Motions must comply with Local Rule 7.1 of the Northern District of New York; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff must promptly notify the Clerk's Office and opposing counsel (in writing) of any change in his address; his failure to do so may result in the dismissal of this action**; and

    5. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 6, 2014
       Utica, New York.